JUDGMENT

==========================================================

*FILED IN THE*
*UNITED STATES DISTRICT COURT*
*DISTRICT OF HAWAII*

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

DEC 8 2003

at 4 o'clock and 30 min. P.M.
WALTER A.Y.H. CHINN, CLERK

NO. 02-10305
CT/AG#: CR-00-00182-WJR

UNITED STATES OF AMERICA

    Plaintiff - Appellee

v.

FRANCISCO SERVIN-SOTO, aka Pancho

    Defendant - Appellant

----------------------

APPEAL FROM the United States District Court for the District of Hawaii (Honolulu).

THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is AFFIRMED.

Filed and entered November 13, 2003.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 05 2003

by: [signature]
Deputy Clerk

FILED

NOV 13 2003

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>FRANCISCO SERVIN-SOTO, aka Pancho,<br><br>Defendant - Appellant. | No. 02-10305<br><br>D.C. No. CR-00-00182-WJR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
William J. Rea, District Judge, Presiding

Argued and Submitted November 5, 2003
Honolulu, Hawaii

Before: BROWNING, REINHARDT, and THOMAS, Circuit Judges.

Francisco Servin-Soto appeals the voluntariness of his guilty plea and the district court's sentence enhancement. We affirm. Because the parties are familiar with the facts and procedural history, we need not recount it here.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

In order to be valid, a guilty plea must be voluntary and intelligent in light of the totality of the circumstances. *United States v. Kaszynski*, 239 F.3d 1108, 1114 (9th Cir. 2001). Under this standard, a thorough colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure is strong evidence that the defendant comprehended the plea agreement. *United States v. Nostratis*, 321 F.3d 1206, 1209 (9th Cir. 2003).

Servin-Soto argues that his plea was equivocal because of translation difficulties and because at various times in the proceedings he responded that he wished to commit his fate to God. However, Servin-Soto signed two written plea agreements and reviewed them with his attorney and an interpreter. He acknowledged he understood the agreements, the charges against him and used his own words to describe his guilt. At all times an interpreter was present and Soto was fully engaged, coherent and responsive and there is no evidence that language was a barrier to understanding his guilty plea. *See Nostratis*, 321 F.3d at 1209-10.

Moreover, each time Servin-Soto became confused, the district court carefully clarified the waiver of appellate rights and repeatedly informed him that he could not take the plea back if his sentence was higher than expected. At the sentencing hearing, the district court engaged in a further colloquy to ensure that Servin-Soto wished to proceed with his guilty plea. At each point, Servin-Soto

2

unequivocally informed the court that he understood. The district court's colloquy at both the plea change hearing and sentencing was thorough and careful. In sum, a close review of the record indicates that Servin-Soto's guilty plea and his entry into the plea agreement were both voluntary and intelligent.

Because Servin-Soto's guilty plea was valid, it necessarily follows that the waiver of appellate rights contained in the plea agreement was also voluntary and intelligent. Thus, we lack jurisdiction to consider his substantive claims regarding the sentence imposed by the district court. *See United States v. Vences*, 169 F.3d 611, 613 (9th Cir. 1999).

**AFFIRMED.**

3

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 0 5 2003

by: [signature]
Deputy Clerk

MOATT INVATT
i

INTERNAL USE ONLY: Proceedings include all events.
02-10305 USA v. Servin-Soto

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　　Plaintiff - Appellee | Thomas C. Muehleck, AUSA<br>808/541-2850<br>Room 6100<br>[COR LD NTC aus]<br>UNITED STATES ATTORNEY<br>P.O. Box 50183<br>300 Ala Moana Blvd.<br>Honolulu, HI 96850 |
| 　v. | |
| FRANCISCO SERVIN-SOTO, aka<br>Pancho<br>　　　Defendant - Appellant | James Kawashima, Esq.<br>(808) 544-8300<br>23rd Floor<br>[COR LD NTC cja]<br>WATANABE ING & KAWASHIMA<br>First Hawaiian Center<br>999 Bishop St<br>Honolulu, HI 96813 |